May I please report my name is James Laughlin and I represent the appellant Michael Pepe. I do intend to reserve two minutes of my time and I'll keep an eye on the clock. The government conflates the two central issues in this case so I want to eliminate any confusion. On the one hand you have the innocent round-trip doctrine and on the other hand you have the required mental state if a round-trip can be split into two so the home or journey can be viewed in isolation. The court shouldn't even need to reach the second issue because precedent namely Mortensen, Oriolo, Becker and cases from this court applying those cases make the decision in this case clear. The relevant facts are undisputed. Mr. Pepe lived in Cambodia and had two brief round-trips to the United States in 2005, both of which were wholly and undisputedly innocent. They were just pure family visits. Mortensen held that wholly innocent round-trips like these are a break in whatever misconduct may be occurring at home so the travel and commerce undertaken for the innocent vacation purpose cannot be split into two parts to make the home or journey criminal when the outward journey was clearly innocent. That would be completely arbitrary the court said. To affirm this court's holding, I'm sorry to avoid the court's holding, the government mischaracterizes Mortensen as being hinging on a lack of evidence that prostitution or facilitating prostitution was a purpose of the charged transportation back across state lines. Both the majority and the dissent in Mortensen acknowledge that all on the trip understood that obviously when they went back to the brothel, the work at the brothel would continue. And even the Solicitor General's brief in Mortensen, which I quoted in our opening brief. If I don't think that Mortensen is by law something that would require a matter of acquittal, if I don't agree with that, because we've got a lot of cases which have distinguished Mortensen, and I'm not sure that Mortensen as a matter of law applies here. If I don't agree that that as a matter of law applies, then my standard of review at that point is that I have to look at the evidence in the light most favorable to the prosecution, don't I? That's true for the sufficiency of the evidence. And then any trier fact could have found the essential elements of the crime beyond a reasonable doubt. In other words, no reasonable fact finder could find that your client had that intent. That's where I'd have to go. For the sufficiency arguments, yes. There would be a different standard, obviously, for the... ...in the light of the prosecution and finding the essential elements of the crime. Well, Your Honor... I mean, if I don't agree with your idea of what Mortensen does, in fact, that argument fails, doesn't it? Not at all. I mean, I'd like the opportunity to convince you that Mortensen is binding and correct here, but... I mean, if I look at Mortensen, I look at what our circuit's done with Mortensen, it doesn't seem to me that Mortensen is on tap with what we have in this particular situation. But... Convince me that it is. When Your Honor says what the court's done with Mortensen, you mean in Langford and Twittle or in Twitchell or in other cases? I mean in those two, I mean in Flukas, I mean in all kinds of cases that this court has interpreted that. Right. And that's where I want to really clear up what the government confuses. And the government's created a lot of confusion here because we do have a separate line of cases. I do believe, as Judge Bybee said in Flukas... Well, but Judge Bybee was in the dissent. No, I agree with that. And what he said, therefore, is not true. And therefore, what Judge Rawlinson said is, in fact, what I have to follow. Not what Judge Bybee. I read Judge Bybee time and time again this time just to find out what wasn't what our circuit said. But I'm trying to explain that that dealt with a separate issue. True, the courts, in my view improperly, have drifted away from the dominant purpose language in Mortensen. And in fact, have endorsed more than dominant purpose and endorsed the very jury instructions that were given here. But it has never, ever, ever, ever, nor has any other court moved away from the innocent round trip exception. Meaning you can't split up an innocent round trip to do what the government wants you to do, which is to apply that lower standard of dominant, significant, or motivating to a one-way trip. Well, it seems to me that the innocent round trip doctrine simply outlines that the travel must be for the purpose of an illegal activity. As long as it's the dominant, significant, or motivating purpose, then Mortensen is satisfied. Well, I don't think that that's what Mortensen holds, because everybody... I understand where you're arguing. I don't see the language in Mortensen which would suggest that. That's not the holding. That as long as it's the dominant, significant, or motivating purpose, there we got it. But Mortensen, everybody agreed that the dominant, significant, motivating purpose was for everybody to get back to work at the brothel. And the court said, that doesn't matter because we're creating a fiction here to say that the return trip home to the brothel was somehow for this purpose, when in fact the entire trip as a whole, which must be viewed as a whole, is for an innocent purpose. And we won't allow the government to manufacture these travel with intent cases by arbitrarily splitting that up and pretending that the real purpose of the trip, the innocent round trip, was not there and that it's a one-way trip back home with this improper purpose. And that's what... Nobody's ever moved away from money. Counsel, the facts here are a little bit different and significantly worse here in this case, because Mr. Pepe didn't really have a job in Cambodia. It's not like he lived in Cambodia because he enjoyed the culture or the heritage. In fact, he seemed to scoff at it. It seemed like his life really revolved around abusing minors there. That was his reason for really living in Cambodia. So if you use the motivating purpose test, it seems like that was the reason he was returning back to Cambodia. He really didn't have any roots there. Whereas you can say even Mortensen, they're returning back to their home, their families, their etc. Yes, there's the brothel, but other issues. Here, I think it is just uniquely bad here, the facts. Well, Your Honor, I think that's a complete mischaracterization of the trial evidence. I mean, he moved there in 2003. There is no evidence he had any child sex conduct until June of 2005. In the meantime, he did have a full-time job. He was involved in local activities. He married an adult woman there. It was a part-time job, and even though there wasn't direct evidence of abuse prior to 2005, there's some circumstantial evidence that he was up to no good there. Not that it passes the reasonable inference standard, Your Honor. I mean, the government does its best to say, well, even though we can't prove— and again, remember, one of the things they point to is their own witness, and they create this ambiguity because they never asked the question. You were his trial broker. Did you broker any child before the May 2005 trip? They either didn't know the answer to that or they didn't like the answer to that, but they can't not ask the question and then rely on ambiguity to create reasonable inference. Only speculation and conjecture can make the jump to get the government where it needs to go to say that any child sex acts were occurring that early on. And certainly, this idea that that was the reason he moved to Cambodia two years earlier— actually, 27 months before the very first proved child sex act— that's just not an acceptable view of the evidence, given the limitation on reasonable inferences and the prohibition on conjecture and speculation. Do you want to reserve your remaining time? Yes, I will. Great. Thank you. May it please the Court, Ilana Artson and Damaris Diaz on behalf of the United States. I will be addressing Mortenson and any jury instruction issues, and Ms. Diaz, who was trial counsel, will address the sufficiency of the evidence. Are there any particular issues that the Court would like the government to address so we can allocate our time accordingly? Well, it seems to me you need to respond to government— to his argument about the impact of Mortenson. Seems to be the biggest issue in this particular case, really. I agree, Your Honor, and this case is not controlled by Mortenson. The defendant's proposed jury instruction at ER 712 stated that if the defendant traveled to the United States with an innocent purpose of seeing family, then as a matter of law, he could not have an innocent— he could not have a guilty purpose in returning to Cambodia. That is not the holding or the reasoning of Mortenson. Mortenson is simply a sufficiency of the evidence case, and there, there was no evidence at any point during the trip that the defendant took two women on a vacation in order to compel or induce them to return to their jobs as prostitutes. That was the intent that was at issue there, whether he transported the women for the purpose of compelling or inducing them to return to prostitution. But the Court said at several points that it was reviewing the sufficiency of the evidence, and it specifically said the return journey under the circumstances of this case cannot be considered apart from its integral relation with the innocent trip as a whole. In the circumstances of this case, it did not establish a legal rule for all cases or for other cases that have different evidence and different circumstances. And this case has very different evidence and very different circumstances than Mortenson. First of all, in Mortenson, there was no evidence of dual purpose. There was no evidence that any part of the trip was anything other than recreational. And a significant reason for that was that the women were under no obligation at any point before, during, or after the trip to return to their jobs. So the only incriminating fact there was that the women did ultimately return to their jobs. And Mortenson held that that fact, standing alone, was not sufficient to infer that his purpose in transporting the women on the vacation was to induce them to return to their jobs as prostitutes. Here, we have a very different situation. We had a jury trial almost entirely on the issue of purpose, and the jury found that at least the return trip, if not the entire trip, was for a dominant, significant, and motivating purpose of engaging in illegal sex acts in Cambodia. That finding was supported by ample evidence that allowed any reasonable juror to conclude that that was a dominant, significant, or motivating purpose, even if there was another purpose, such as returning home. Is our case controlled by Flukinger? By... Fluk... I don't know how you... Well, the dominant, significant, motivating purpose, yes, is controlled by Lukashev and by Lindsay and Flukas. Lukashev for the 2241C and Lindsay and Flukas for 2423B that says a dominant, significant, or motivating purpose. The question is whether there even is such thing as an innocent round-trip doctrine, or whether that was simply a sufficiency of the evidence case in Mortenson, and we contend that it was the latter. Your position is that this whole innocent round-trip doctrine is just not a doctrine? It's not a doctrine. It's an application of purpose. And I think you see that even in the Two-Ninth Circuit cases that the defendant cited, which were Twitchell and Lankford, because in both of those cases, the court analyzed each trip separately. In Lankford, the defendant was actually acquitted on travel from California to Mexico, and he argued, well, then I can't be convicted on the count that charged travel from Mexico back to California. And the court said, no, you can be. And again, in Twitchell, which was the case where a woman traveled to Portland to see her family, and then the defendants basically rescued her and brought her back to get her away from where she had the drinking problem and sober her up, the court said, well, the purpose of the trip to Portland was family, and the purpose of the return trip was to get her sobered up, so neither leg had a guilty purpose. But it did analyze the two legs separately. But in Mortenson, I mean, it doesn't seem like it's a pure sufficiency of the evidence case. I mean, you don't see the court really parsing through the record. I know it says words like under these circumstances or in this case, but, I mean, those are kind of generic words that, you know, we use often in court opinions. Well, I submit, Your Honor, they didn't parse the record. Use much broader language, seeming like it was establishing some kind of doctrine or rule. Well, I submit they didn't parse the evidence because there wasn't much evidence. There was one incriminating fact. It doesn't say, it says, our examination of the record in this case convinced us there was a complete lack of relevant evidence. Exactly. So what it reads to me like is a sufficiency of the evidence case done by the Supreme Court, which is not very good at doing that because they don't normally do that. I don't know why they took this case. And so they felt like they had to try to add some law to it. So you're right. It reads like a Supreme Court case, but, like, it seems like it's kind of, I mean, it says right at the beginning of it that it's basically a sufficiency of the evidence. It is a weird case. It is a weird case, but I agree, Your Honor, that it is ultimately a sufficiency of the evidence case. And what they did was they did sort of establish some principles as to why that inference was not reasonable in that case. But here we have. But isn't that what we said in Flukas? We said the same thing. We said Mortensen doesn't say anything except what the sufficiency of the evidence is and said, as well, it has to be the dominant, significant, and motivating purpose. I agree that that's exactly what this Court said in Flukas. And I think that our case is also different from Mortensen for a couple of other reasons. One is that at the end of Mortensen there's a long discussion about the purpose of the Mann Act, and essentially the Court was uncomfortable because the purpose of the Mann Act is to prevent procurers from sort of compelling women to enter into prostitution. And the Court said the facts here are very far afield from that purpose. So that cannot be what this statute is really talking about. But here we have a really different situation because here defendants' conduct is exactly what the statute addresses. This is a statute that is aimed at prohibiting Americans from traveling to foreign countries to abuse children, and that is exactly the conduct that the defendant engaged in. And finally, I think it is also significant in looking at the fact that the Mann Act looks at the defendant's intent in transporting someone else. In our statutes, we're looking at the defendant's intent in transporting himself. In this case, when you look at the defendant's intent in transporting himself, we have far more than simply the fact that he engaged in those acts when he arrived in Cambodia. We have abundant evidence that he engaged in repeated conduct over a lengthy period of time. That's a factor that Lukashoff cited in support of purpose. We have a country where it's easy to buy children for sex, and as the Court pointed out earlier, at the time of this charged travel, and that's the question. What was his purpose at the time of this charged travel? Not when he maybe came to Cambodia the first time earlier. He did not have any other persuasive reason for being in Cambodia. He did not have a job or significant relationships. At the time of the charged travel here, his life revolved around the illegal charge conduct. And for those reasons, the district court correctly rejected the proposed Mortenson instruction. Mortenson does not require acquittal as a matter of law or fact. The evidence was absolutely sufficient for the properly instructed jury to find a dominant, significant, or motivating purpose, and this Court should affirm. Does the Court have questions about any other matter? Great. Thank you. I just want to clarify the use of the word doctrine. Put that aside. What I'm relying on is stare decisis, which clearly requires the Court to follow not only the holding but the reasoning of Supreme Court decisions. And the reasoning of Mortenson, although short, is clear. It's focusing all on the inherent nature of a round trip and the fact you can't arbitrarily split it up to pretend that the homeward journey has a purpose. What about the point that I think she made in there, which is it's one thing to talk about somebody's round trip for transporting somebody else, right? And it's another thing to talk about somebody's intent when they're making a trip and whether or not you can break it up. So, I mean, it seems to me like Mortenson is basically saying the purpose of the Mann Act was not to prevent you from giving your prostitutes interstate vacations. Because if they hadn't, I think the concern seems to be that if they hadn't reached the conclusion they reached, then like literally the prostitutes couldn't cross state lines for vacations or they'd be violating the Mann Act. So I think the justices that were in the majority in Mortenson were like, well, that can't be right. But that's just a very different concern than here. Well, I disagree. There are slight factual differences, but I think they're either insignificant or they weigh in Mr. Pepe's favor because even when somebody – I think the core of Mortenson is about the nature of the trip and the fact that what we're really criminalizing is the use of interstate commerce for immoral means. And so I think that's equally applicable whether you're moving the person or you're moving yourself. But it also said part of the reason for that holding was the vacation trip innocent was completely disassociated from the activities at the home place because Mr. Pepe was traveling alone, not with any of his alleged victims or like the prostitutes in Mortenson. He was even more disassociated. There's no evidence whatsoever that anything transpired on either one of those round trips to the United States that related in any way to what was going on in Cambodia. So the core of Mortenson is the trip was disassociated from the wrongdoing, so you can't manufacture a federal case by pure travel that was done for some other reason. Great. Thank you. Thank you very much. The case has been submitted, and thank you both counsel for the helpful argument.
judges: SMITH, LEE, VANDYKE